IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | NO. 3:22-cr-00282 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| | ) | |
| [1] GLEN CASADA | ) | |
| [2] CADE COTHREN | ) | |

## ORDER

On November 27, 2023, the Court scheduled a telephonic hearing on November 29, 2023, regarding the pending defense motions. (Doc. No. 97). The Court wishes to explain both the purpose of the telephonic hearing and the Court's expectations of counsel with respect to it. The purpose is to enable the Court to get clarity from the parties as to their respective positions on numerous issues implicated by the pending motion to strike and pending motions to dismiss, as such clarity will assist the Court in not only resolving those motions but also formulating what could be sharply contested jury instructions on numerous issues to the extent this case turns out to go to trial. The Court expects the discussion to be fair lengthy and wide-ranging.

The Court does not intend to engage in a game of "gotcha" or to otherwise "test" counsel; it seeks merely to clarify counsel's positions on numerous matters and see what authority counsel can offer to support their respective positions. Additionally, the Court is aware that it set this hearing on short notice; for this reason, and also because it realizes that it would be extremely difficult for counsel (not knowing what all the Court will ask) to know what would comprise sufficiently through preparation, the Court intends to refrain from any conceivable criticism of counsel for an alleged lack of preparation. Having said that, the Court encourages counsel to brush up on their positions on the various issues implicated by the pending motions and to have a grasp

of the authority supporting such positions. But to reiterate, the Court is not interested in imposing some kind of "performance" expectations on counsel, and to the extent that counsel end up wishing that had been able to be more thorough in their responses to the Court's questions, they may request an opportunity to provide further briefing.

    Finally, the Court expects all counsel for each party to be present, unless excusal of a particular attorney is granted. The Court will allow counsel to place the call on moot to discuss issues raised by the Court before providing an answer to a question pending from the Court.

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE