UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00282 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| [1] GLEN CASADA ) | |
| [2] CADE COTHREN ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT COTHREN'S MOTION TO CONTINUE TRIAL AND RELATED DEADLINES

Defendant Cade Cothren has moved this Court to continue trial and all related deadlines pending the Supreme Court's decision in *Snyder v. United States*, cert. granted, 23-108 (Dec. 13, 2023). Doc. No. 109 (Mot.). The question presented in *Snyder* is "[w]hether [18 U.S.C. §] 666 criminalizes gratuities, *i.e.*, payments in recognition of actions the official has already taken or committed to take, without any quid pro quo agreement to take those actions." QPReport, *Snyder v. United States*, https://www.supremecourt.gov/qp/23-00108qp.pdf. In this case, as Cothren acknowledges (Mot. 4), the government alleged in the indictment and will prove at trial that the defendants engaged in a *quid pro quo* bribery scheme. *See* Indictment ¶¶ 26, 38 (alleging acts that Casada and Individual 4 committed "in exchange for" payments from Cothren); *id.* at ¶¶ 62, 66 (incorporating earlier paragraphs into Counts 3 and 4). To further sidestep the issue, if this case proceeds to trial before the Supreme Court decides *Synder*, the government will consent to § 666 bribery instructions requiring the jury to find a *quid pro quo* to sustain a conviction. Therefore, this case does not implicate the question presented in *Snyder* and the Supreme Court's grant of certiorari in that case does not present a valid reason to hold this case in abeyance.

Cothren claims that "[t]he Solicitor General's position appears to conflict with the prosecutors' view in this case." Mot. at 4 n.1. The defendant misconstrues the government's

positions, both here and before the Supreme Court. In her brief in opposition to certiorari in *Snyder*, the Solicitor General argued that the Seventh Circuit "correctly determined that Section 666 prohibits both *quid pro quo* bribery and the corrupt acceptance of gratuities." Doc. No. 109-3 (gov't brief in opposition to certiorari). As Cothren recognizes (Mot. at 4), that broader reading of § 666 is consistent with that of the majority of courts of appeals to have addressed the issue, including the Sixth Circuit. *See* Doc. No. 109-1 at 14-17 (petition for writ of certiorari describing that five courts of appeals have held that § 666 does not require a *quid pro quo*). In *United States v. Abbey*, 560 F.3d 513 (6th Cir. 2009), the Sixth Circuit held that a quid pro quo is "sufficient to violate the statute," but "it is 'not necessary.'" *Id.* at 520 (quoting *United States v. Gee*, 432 F.3d 713, 714 (7th Cir. 2005)).

As stated above, if this case proceeds to trial before *Snyder* is decided, the government is prepared to accept a higher standard of proof than is currently required within the Sixth Circuit and assume *arguendo* that § 666 bribery requires a *quid pro quo*. *Cf. United States v. Siegelman*, 561 F.3d 1215, 1225 (11th Cir. 2009), *vacated on other grounds*, 561 U.S. 1040 (2010) (observing that the court of appeals need not decide "whether or not a quid pro quo instruction was legally required" because "such an instruction was given" by the district court). Therefore, Cothren's assumption that "the United States will very likely argue at trial that it is not required to prove a *quid pro quo* bribery in this case" is incorrect, provided this case proceeds to trial before *Synder* is decided.[1]

---

[1] However, if the Supreme Court adopts the majority view that § 666 criminalizes gratuities, and this case proceeds to trial after that decision, the government reserves the right to modify its position.

2

## CONCLUSION

For the foregoing reasons, the Supreme Court's grant of certiorari in *Snyder v. United States*, 23-108 (Dec. 13, 2023), does not provide a basis to continue trial in this case and related deadlines.[2]

Respectfully submitted,

| | |
|---|---|
| THOMAS JAWORSKI | COREY R. AMUNDSON |
| Attorney for the United States | Chief |
| Middle District of Tennessee | Public Integrity Section |
| Acting Under Authority Conferred by 28 U.S.C. § 515 | By: |
| By: | /s/ John P. Taddei |
| | JOHN P. TADDEI |
| /s/ Amanda J. Klopf | BLAKE J. ELLISON |
| AMANDA J. KLOPF | Trial Attorneys |
| Assistant U.S. Attorney | 1301 New York Ave. NW |
| 110 Ninth Avenue South, Suite A-961 | Washington, DC 20530 |
| Nashville, TN 37203 | (202) 514-1412 |
| (615) 736-5151 | |
| Email: amanda.klopf@usdoj.gov | |

---

[2] As the government stated in its motion to continue the telephonic hearing scheduled for January 25, 2024 (Doc. No. 112), the government believes that a brief stay of the pretrial deadlines pending the anticipated telephonic hearing is appropriate.

3

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing response was electronically filed with the Clerk on January 17, 2024, and service was made upon all persons registered in that case via CM/ECF and/or by email.

/s/ John P. Taddei  
JOHN P. TADDEI  
Trial Attorney
