# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and ) | District Judge Eli J. Richardson |
| CADE COTHREN ) | |
| ) | |
| Defendants. ) | |

### EMERGENCY MOTION TO QUASH SEARCH WARRANT
### AND FOR AN IMMEDIATE PROTECTIVE ORDER PROHIBITING PROCESSING
### OR REVIEW OF MATERIALS SEIZED PENDING A HEARING[1]

Comes now that Cade Cothren, by and through undersigned counsel, and hereby moves this Honorable Court, pursuant to Amendment IV of the U.S. Constitution, for an order quashing the overbroad search warrant issued for the entire contents of, and including, Mr. Cothren's personal cellular phone on or about January 30, 2024 and entering an immediate protective order prohibiting any processing or review of the contents of Mr. Cothren's phone by the government pending a hearing.

Under the Fourth Amendment, a search warrant must state with particularity the items to be searched and seized for which it has established probable cause. The government's 2024 search warrant, however, allows the government unfettered access to Mr. Cothren's entire cellular telephone, which contains his email accounts, social media accounts, text messages, and a host of other private and sensitive information, including but not limited to, privileged materials and work product relating to Mr. Cothren's pending criminal case. There are at least three incurable defects with the search warrant. First, the warrant directly and indirectly seeks materials protected by the

---

[1] An identical motion is being filed in the sealed case for the search warrant, Case No. 24-mj-1012.

attorney-client privilege and work product doctrine. With respect to the latter, the warrant seemingly authorizes the government to seize and search for communications between and involving Mr. Cothren and Michael Donaldson, a private investigator who was briefly – until his termination – a part of Mr. Cothren's defense team. With respect to the former, <u>Mr. Cothren has more than three years' worth of privileged and confidential attorney client communications and work product stored on his phone</u>. Second, the search warrant also seemingly allows the government to review the contents of Mr. Cothren's phone and search for evidence related to Mr. Cothren's pending criminal case <u>without requiring the government to demonstrate probable cause for obtaining this evidence</u>. (*See* Ex. 2, ¶ 3). Lastly, the existence and sheer volume of privileged materials and work product on Mr. Cothren's phone weigh heavily against allowing the government to use a taint team to review these highly sensitive and confidential files and in favor of this Court entering an emergency order prohibiting the government (including any taint team) from processing and/or reviewing any materials seized from Mr. Cothren's phone pending a hearing.

Because the search warrant violates the Fourth Amendment (as well as Mr. Cothren's attorney-client and work product privileges), Mr. Cothren is asking this Court to quash the warrant and enter an interim protective order prohibiting the government from processing and/or reviewing any of the materials on his phone pending a hearing.

Mr. Cothren is contemporaneously filing a Memorandum of Law in Support of his Motion and supporting exhibits.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

*/s/ Cynthia A. Sherwood*
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1100
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Cade Cothren*

**Barnes & Thornburg LLP**

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker, #29627
827 19th Avenue South
Suite 930
Nashville, TN 37203
T: 615-925-9506
joy.longnecker@btlaw.com
*Counsel for Cade Cothren*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on February 2, 2024, and service was made upon all persons registered in that case via CM/ECF and/or by email.

Amanda J. Klopf, Esq.
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Amanda.Klopf@usdoj.gov

John P. Taddei, Esq.
Trial Attorney
Public Integrity Section, Criminal Division
U.S. Department of Justice
1301 New York Ave., NW
Washington, DC 20530
john.taddei@usdoj.gov

*/s/ Joy Boyd Longnecker*