IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>v.<br><br><br>[01] GLEN CASADA<br>[02] CADE COTHREN<br>   Defendants.<br><br>_____<br>ROBIN SMITH,<br>   Intervenor | )<br>)<br>)  NO. 3:22-cr-00282<br>)  JUDGE RICHARDSON<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Pending before the Court is an "Motion to Suppress" (Doc. No. 160, "Motion"), filed by Robin Smith ("Movant"), who intervened in this matter for the limited purpose of seeking to protect certain privileged materials. The Government responded, taking no position with respect to the Motion (Doc. No. 161, "Government's Response"). Defendants Casada and Cothren responded in opposition (Doc. Nos. 162 and 163; collectively, "Responses"). Movant and the Government each may file a reply to the Responses on or before September 2, 2024. Any such reply would do well to address what is arguably a discrepancy between Movant's representation that "[c]ounsel for Ms. Smith first learned that the United States had accessed . . . the image of the phone without first running the filter protocol on July 15, 2024," (Doc. No. 160 at 5), and the Government's representations that:

> During one meeting—likely on August 10, 2023—government counsel was showing Ms. Smith and her attorneys materials from her cell phone when they came across metadata indicating that the image they were viewing contained communications between Ms. Smith and Mr. Rose. Government counsel remarked that those communications should not be on the image of the phone. Ms. Smith's

lawyers—Mr. Rose, David Bridgers, and Wells Trompeter—acknowledged seeing the metadata.

(Doc. No. 161 at 2).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE