The Motion (DE 252) is granted. From the face of the sealed document, it is clear that the interests in favor of sealing outweigh the legitimate interests of the public in accessing the sealed document. IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and ) | District Judge Eli J. Richardson |
| CADE COTHREN, ) | Magistrate Judge Alistair Newbern |
| ) | |
| Defendants. ) | |

## DEFENDANT CADE COTHREN'S
## MOTION FOR LEAVE TO FILE UNDER SEAL AND EX PARTE

Comes now Defendant Cade Cothren, by and through undersigned counsel, and respectfully requests leave to file the following pleading under seal pursuant to Local Rule 5.03(a) and ex parte for the same reasons set forth in Mr. Cothren's Sealed Memorandum of Law in Support of Motion for Leave to File Under Seal and Ex Parte (Doc. No. 104). The following document, which Mr. Cothren is requesting leave to file under seal and ex parte, is directly related to many previous sealed documents (Doc. Nos. 104, 105, 132, 136, 146, 150, and 206). Additionally, the Court has instructed Mr. Cothren to file such additional information ex parte and under seal in its April 8, 2024 Ex Parte and Sealed Order (Doc. No. 139).

From the face of the sealed document, it is clear that the interests in favor of sealing the document, including Mr. Cothren's interests in preserving the attorney-client privilege and his privacy, outweigh the legitimate interests of the public or the government in accessing the sealed document.

The filing of a redacted version of this document is impractical under the circumstances. Mr. Cothren seeks to file his pleading under seal and ex parte in its totality.