UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and ) | District Judge Eli J. Richardson |
| CADE COTHREN ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT CADE COTHREN'S RESPONSE IN OPPOSITION TO WILLIAM E. YOUNG'S MOTION TO QUASH SUBPOENA

Comes now Defendant Cade Cothren, by and through undersigned counsel and respectfully requests the Court deny William E. Young's Motion to Quash Subpoena Issued December 10, 2024 ("Motion to Quash"). (Doc. Nos. 255 and 256). Mr. Young's Motion to Quash should be denied because a witness's professed lack of knowledge about a case is not a valid ground to challenge a subpoena. Even if it were, the subpoena is neither unreasonable nor oppressive.

### BACKGROUND

Contrary to Mr. Young's assertion that "no one from the offices of Defendants' counsel has contacted [him] or otherwise attempted to determine his knowledge about the matters in this case," an investigator from Mr. Cothren's counsel's defense team attempted to speak with Mr. Young and interview him on or about September 1, 2024. Mr. Young declined to be interviewed and has now engaged independent counsel, who was advised by Mr. Cothren's counsel that they would contact him closer to the trial date to discuss the subpoena and his testimony. On December 10, 2024, Mr. Young was served with a subpoena for him to appear and testify at the trial in this action, which begins on April 22, 2025.

## LAW AND ARGUMENT

Mr. Young's Motion neither cites to, nor is it supported by, applicable law. The purpose of Mr. Young's subpoena is to secure his trial testimony pursuant to Fed. R. Cr. P. 17(a). *See* Fed. R. Cr. P. 17(a) ("A subpoena must state the court's name and title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies"). The subpoena was properly and timely served, Mr. Young failed to articulate proper grounds for quashing his subpoena, and he has personal knowledge related to the matters of this case. His Motion to Quash should be denied.

First, the Code of Federal Regulations cited by Mr. Young to file this Motion to Quash, Title 5 Section 1201.82, is not relevant. (Motion to Quash 1). That section "appl[ies] to [Merit System Protection] Board appellate proceedings," not criminal cases. *See* 5 C.F.R. § 1201.11. The applicable rule can be found in the Federal Rules of Criminal Procedure, but Fed. R. Cr. P. 17(a) does not offer witnesses served with a testimonial subpoena for a criminal trial the option to quash a validly issued subpoena. *See* Fed. R. Cr. P. 17(a). Although Fed. R. Cr. P. 17(c)(2) does permit subpoena recipients to quash or modify a criminal subpoena, this subsection governs subpoenas duces tecum, not testimonial subpoenas. And even then, Rule 17(c)(2) only permits the Court to quash or modify a subpoena if compliance "would be unreasonable or oppressive." Fed R. Cr. P. 17(c)(2). The only reason Mr. Young proffered for quashing his subpoena is that he believes he "has no information regarding the matters of this case," and as such, the subpoena places an "undue burden" on him. Mr. Young does not get to unilaterally decide whether his testimony is relevant, nor does his professed lack of personal knowledge establish that the subpoena is "unreasonable or oppressive."

It is worth noting multiple witnesses have contacted undersigned counsel's office claiming they do not have knowledge of this case. Mr. Cothren maintains he is not required to convey his

rationale or reason for calling Mr. Young or any other witness to testify, and requiring him to do so would set a dangerous precedent.

## CONCLUSION

For all the foregoing reasons, Mr. Cothren respectfully requests the Court deny Mr. Young's Motion to Quash.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

*/s/ Cynthia A. Sherwood*
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on February 28, 2025, and service was made upon the following via CM/ECF and/or by email.

| | |
|---|---|
| Edward M. Yarbrough<br>Jonathan P. Farmer<br>Steven C. Fann<br>Spencer Fane LLP<br>511 Union Street<br>Suite 1000<br>Nashville, TN 37219<br>eyarbrough@spencerfane.com<br>jfarmer@spencerfane.com<br>cfann@spencerfane.com | Taylor J. Phillips<br>U.S. Attorney's Office<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>taylor.phillips@usdoj.gov |
| John P. Taddei<br>Blake J. Ellison<br>U.S. Department of Justice<br>Public Integrity Section<br>1301 New York Ave. NW<br>Ste 10th Floor<br>Washington, DC 20530<br>john.taddei@usdoj.gov<br>blake.ellison@usdoj.gov | W. David Bridgers<br>L. Wells Trompeter<br>Holland & Knight LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219<br>david.bridgers@hklaw.com<br>wells.trompeter@hklaw.com<br><br>Ben M. Rose<br>RoseFirm, PLLC<br>Post Office Box 1108<br>Brentwood, Tennessee 37024<br>ben@rosefirm.com |

*/s/ Joy Boyd Longnecker*