IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ]   3:22-CR-00282 |
| vs. | ] |
| | ] |
| GLEN CASADA | ] |
| CADE COTHREN | ] |

**JOINT MOTION TO COMPEL DISCLOSURE**
**OF *BRADY/GIGLIO* MATERIALS AND INFORMATION**

Glen Casada and Cade Cothren, through counsel, respectfully request that this Court enter an Order compelling the government to provide all exculpatory material required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, including specific items requested below. In support of this motion, Defendants rely on the arguments, cases, and authorities cited in this filing. The motion should be granted for the following reasons:

## BACKGROUND[1]

On August 22, 2022, the Grand Jury sitting in the Middle District of Tennessee returned the above referenced Indictment. The Indictment purports to accuse Casada and Cothren, either directly or as an aider and abettor of the other, of various federal crimes. The Indictment focuses on the activities of Phoenix Solutions, a company that the Indictment alleges was in the business of providing constituent mail services to General Assembly members and political campaigns. The Indictment alleges, and discovery produced in this matter reveals, that the prosecution believes that the mailer program at issue required approval from both Cameron Sexton and Connie Ridley before

---

[1] The full background and history have been briefed and referenced in other filings. For brevity and efficiency, counsel is only reciting the background necessary for a resolution of the present Motion.

payment from the State of Tennessee could be issued. The Indictment goes on to allege that the "purpose of the conspiracy" was to conceal information regarding the involvement of Defendants and Robin Smith because the Defendants' "expectations" were that Sexton and/or Ridley would not approve Phoenix as a vendor had the Defendants' participation in Phoenix been known. (See eg. Indictment at para. 21). As such, both Sexton and Ridley are relevant and necessary witnesses regarding the present matter.

Defense counsel's investigation of this matter revealed information that Cameron Sexton has violated, and perhaps continues to violate, state and federal criminal and election law. Specifically, there are ample public reports regarding Sexton's suspected false statements surrounding his living arrangements, his relationships with lobbyists, and his instructions to Ridley regarding the investigation into a sexual harassment claim unrelated to the present matter.

On September 24, 2024, the prosecution verified and corroborated the defense investigations by confirming that the prosecution possessed knowledge related to said events. First, the prosecution forwarded to the defense a letter outlining that it had become aware of "allegations of personal and professional misconduct related to Tennessee House Speaker Cameron Sexton and Director of Legislative Affairs Connie Ridley." In its letter, the prosecution outlines 6 separate categories of misconduct regarding Sexton but provides only minimal underlying information regarding the allegations. The letter goes on to provide that "with regards to Speaker Sexton and Director Ridley," the prosecution is aware of allegations regarding dishonesty about whether Ridley was permitted to provide information about a sexual harassment investigation. Again, no underlying information was provided. A copy of the letter is attached as **Exhibit A** to this filing.

After correspondence and communication, including motion practice, regarding the prosecution's *Brady* and *Giglio* requirements, on February 20, 2025, counsel for Casada sent a

written demand for *Brady* and *Giglio* materials to the prosecution. The letter specifically demands that "any information possessed by the prosecution regarding either of their (Sexton and Ridley) lack of credibility, violation of law, lack of trustworthiness, and so forth should be disclosed immediately" and goes on to add "(t)his is particularly true when substantial evidence already disclosed indicates that Mr. Sexton, and likely Mrs. Ridley, was at least partly the impetus for the current investigation that led to the charges that underly this case. Mr. Sexton has publicly stated that he was in regular contact with FBI agents immediately upon his election of Speaker in August 2019, *prior* to even the formation of Phoenix Solutions." The February 20 letter goes on to demand the prosecution "immediately identify and disclose all *Brady* and *Giglio* materials, including, but not limited to, witness statements and related documents, including reports, memoranda, exhibits, and notes." The February 20 letter is attached as **Exhibit B**[2].

The prosecution requested a telephone conference in response to Casada's February 20 correspondence. During the telephone conference, the prosecution would not indicate whether it had any investigative materials or other documents responsive to Casada's February 20 letter, and instead informed counsel that it would make a *Jencks* disclosure on March 4, 2025. The prosecution did make said *Jencks* disclosure. The Jencks disclosure confirmed that Sexton was actively engaged with and communicating with the FBI prior to Phoenix Solutions' formation but provided no details or information regarding any investigative of or support for its knowledge of Sexton and/or Ridley's wrongdoing, as described above. On the following date, the prosecution responded via letter to Casada's *Brady* demand, but did not produce additional responsive data.

---

[2] Counsel has redacted the request to comply with the Court's Order sealing certain matters from public disclosure. See Dkt. 202-204, 208, 214, 217, 226-228, 232, 236, 248.

On March 12, 2025, counsel for Casada again conferenced by phone with the U.S. Attorney's Office, who indicated that it did not have responsive information regarding Sexton's residency arrangements.

**ARGUMENT**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf ..., including the police."); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that Brady encompasses impeachment evidence); *see also* FED. R. CRIM. P. 16(a) (outlining information subject to government disclosure); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (holding that the disclosure requirements of FED. R. CRIM. P. 16(a)(1)(C) apply to inculpatory as well as exculpatory evidence).

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. *See United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); *see also* Advisory Committee Note to FED. R. CRIM. P. 16 (1974) ("The rule

is intended to prescribe the minimum amount of discovery to which the parties are entitled."). Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Based on the prosecution's theory of the case, as evidenced by the allegations in the Indictment and discovery produced to date, both Sexton and Ridley are key witnesses in the upcoming trial. Counsel reasonably believes that the prosecution possesses materials and information that significantly undermine the credibility of these witnesses. The materials likely include investigative reports or memorandum, witness interview notes, and otherwise. The U.S. Supreme Court's holdings in *Brady* and *Giglio* compel the production of this information to the defense.

## **CONCLUSION**

WHEREFORE, for the reasons detailed above, the Defendants respectfully request that the Court order the government immediately to provide any and all investigative materials or other documents regarding Sexton and/or Ridley, including information regarding Sexton's false statements surrounding his living arrangements, his relationships with lobbyists, and his instructions to Ridley regarding the investigation into a sexual harassment claim.

Respectfully submitted,

*/s/ Jonathan P. Farmer*
Ed Yarbrough (BPR #004097)
Jonathan P. Farmer (BPR #020749)
Chase Fann (BPR #036794)
511 Union St, Suite 1000
Nashville, TN 37219
(P) 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com
*Counsel for Defendant Glen Casada*

**Sherwood Boutique Litigation, PLC**

*/s/ Cynthia A. Sherwood*
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 13, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Taylor J. Phillips
Assistant US Attorney
U.S. Attorney's Office - Middle District
719 Church St. Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

John P. Taddei
Blake J. Ellison
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1301 New York Ave., NW
Washington, DC  20530
john.taddei@usdoj.gov
blake.ellison@usdoj.gov

                                                     */s/ Jonathan P. Farmer*
                                                     Jonathan P. Farmer