IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:22-CR-00282 |
| ) | JUDGE RICHARDSON |
| GLEN CASADA and ) | |
| CADE COTHREN ) | |

## ORDER

Pending before the Court is the "Motion to Quash Subpoenna [sic] Issued December 10, 2024" (Doc. No. 255, "Motion") filed along with a (short) supporting memorandum (Doc. No. 256) by Mr. William E. Young, the executive Director of the Tennessee Bureau of Ethics and Campaign Finance ("TBECF"). Via the Motion, Mr. Young requests that the Court quash a subpoena, served on him by Defendant Cade Cothren, for Mr. Young to testify at the trial in this case because (according to Mr. Young)[1] compliance with the subpoena would unduly burden him because neither he nor TBECF is "in possession of any information or documents related to the matters before this Court." (Doc. No. 256 at 2). Defendant Cothren timely filed a response in opposition (Doc. No. 262, "Response"), in which Defendant Cothren argues that a subpoenaed person's purported lack of knowledge is not valid grounds for quashing a subpoena. (*Id*. at 2). To this, Mr. Young filed a reply (Doc. No. 264), arguing that although he is willing to discuss this matter with Defendant Cothren's counsel, he has no information that would be relevant for trial. (Doc. No. 264-1 at 1).

At first glance, Defendant Cothren's position has some appeal. It might seem strange that a subpoena recipient could quash a subpoena based solely on the recipient's uncorroborated (and likely self-serving) averment that he or she (and any organization in which he or she has a leadership role)

---

[1] Mr. Young asserted such lack of knowledge in a pair of affidavits (Doc. Nos. 255-2, 264-1).

lacks knowledge or documents related to the case for which testimony is sought. After all, typically a recipient, unlike the subpoenaing party's counsel, is not in a position to know the entire scope of information relevant to the case. And even if a recipient was in such a position, there certainly are reasons not to accept at face value the recipient's averments on this issue. So in short, *if* the recipient bore the burden on a motion to quash a subpoena to the recipient, there would be good reason to say that Mr. Young has not met his burden. The problem for Defendant Cothren, however, is that as (explained below) it appears that the burden, at least initially, is upon the *subpoenaing* party—and Defendant Cothren does nothing to even attempt to meet that burden, seemingly because he does not perceive that he bears any such burden.

Federal Rule of Criminal Procedure 17 governs subpoenas issued in criminal proceedings. *See* Fed. R. Crim. P. 17. Under Rule 17(a), a party is permitted to issue a subpoena ad testificandum "command[ing] a witness to attend and testify at the time and place the subpoena specifies." *Id*. While Rule 17(a), unlike Rule 17(c) (which governs subpoenas duces tecum), does not explicitly provide an individual with the prerogative to seek to quash a subpoena ad testificandum, courts have recognized such a prerogative, finding that motions to quash subpoenas ad testificandum and subpoenas duces tecum are subject to "roughly the same standard." *Stern v. U.S. Dist. Court for the Dist. Of Mass*., 214 F.3d 4, 17 (1st Cir. 2000); *see also United States v. Pate*, No. 3:09-00106, 2024 WL 1773996, at *1 (M.D. Tenn. Apr. 24, 2024) (Richardson, J.) (stating that "[t]he standard is basically the same for subpoenas compelling the attendance of witnesses—i.e., subpoenas ad testificandum under Rule 17(a)" as it is for subpoenas duces tecum under Rule 17(c) (quoting *United States v. Santistevan*, No. 11-cr-00406-CMA, 2012 WL 2875949 *1 (D. Colo. July 12, 2012))). As for a subpoena duces tecum, "the court may quash or modify the subpoena [duces tecum] if

compliance would be unreasonable or oppressive."[2] Fed. R. Crim. P. 17(c)(2).

The standard for quashing a subpoena ad testificandum, though in some sense "roughly the same" (as noted above), is somewhat different. "'A subpoena ad testificandum survives [] [a motion to quash] if *the party serving* [the subpoena] can show that the testimony sought is both relevant and material.'" *Pate*, 2024 WL 1773996, at *1 (emphasis added) (quoting *United States v. Peavler*, Case No. 3:15-CR-14, 2017 WL 1018304, at *2 (E.D. Ky. Mar. 10, 2017) (quoting *Stern*, 214 F.3d at 17)); *see also United States v. Valenzuela-Bernal*, 458 U.S. 858, 867-68 (1982) (implicitly adopting the "material and relevant" standard for a defendant seeking the appearance of a witness at trial). For purposes of this standard, "material" is a fairly high bar, as it means "evidence that might be sufficient to create a reasonable doubt" about guilt. (*Id*. at 868).

Put another way, "[w]hen faced with a motion to quash, *the defendant* has the burden to show that the witness whose presence he seeks is necessary for an adequate defense, and the trial court has wide discretion in determining whether the defendant has met that burden." *United States v. Dornsbach*, No. 0:22-CR-00048, 2023 WL 3496553, at *2 (D. Minn. May 17, 2023) (emphasis added) (citing *United States v. LeBeau*, 867 F.3d 960, 975 (8th Cir. 2017). A district court has discretion to quash a Rule 17(a) subpoena "[w]here the testimony sought is . . . immaterial." *United States v. Childers*, No. CR-24-102-G, 2024 WL 3953993, at *5 (W.D. Okla. Aug. 27, 2024) (quoting *Bebris*, 4 F.4th at 559).

Notably, although Rule 17 equips parties with the means to summon documents or witnesses, Rule 17 subpoenas may not be used to conduct a "fishing expedition." *United States v. Bebris*, 4

---

[2] The Supreme Court clarified the meaning of this standard in *Nixon*, 418 U.S. at 700, holding that a subpoena duces tecum is not "unreasonable or oppressive" if the proponent establishes relevancy, admissibility, and specificity. *See id.* at 700. "Decisions regarding the quashing of a subpoena duces tecum, submitted pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, are committed to the trial judge's discretion." *United States v. Hughes*, 895 F.2d 1135, 1145 (6th Cir. 1990).

F.4th 551, 560 (7th Cir. 2021) (citing to *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (analyzing Rule 17(c)). This principle is essentially a corollary to the notion that the subpoenaing party, if challenged, must show relevance and materiality; a party that can show that cannot be said to be on a fishing expedition, while a party that cannot show that likely is fairly characterized as being on a fishing expedition.

Here, Defendant Cothren served a facially proper subpoena ad testificandum on Mr. Young, (Doc. No. 255-2), seeking his testimony at trial. (Doc. No. 255-1 at 1). As noted, Mr. Young argues that Defendant Cothren's subpoena should be quashed, because Mr. Young and TBECF have "no knowledge pertinent to the issues pending before this Court, and therefore, the subpoena places an undue burden on [him]." (Doc. No. 255-2 at 1). Defendant Cothren observes that Mr. Young provides no applicable law in support of his argument, (Doc. No. 262 at 2), and this observation is true. But the problem is that observation is irrelevant because Defendant Cothren has the burden here; Mr. Young does not have to support any position, at least not unless and until Defendant Cothren makes a showing of relevance and materiality.

Per the case law cited above, the burden is unmistakably on the "the party serving" a subpoena ad testificandum, which survives a motion to quash when t*he party serving it* can show that the testimony sought is both relevant and material. As the party serving the subpoena, Defendant Cothren shoulders the burden, not Mr. Young. And in his Response, Defendant Cothren failed to show that Mr. Young's testimony is both relevant and material; rather, he disavowed having any obligation to make such a showing, claiming that "he is not required to convey his rationale or reason for calling Mr. Young or any other witness to testify, and requiring him to do so would set a dangerous precedent." (Doc. No. 262 at 2-3). The Court understands that it may be questionable judicial policy to require a defendant to show the relevance and materiality of the testimony sought,

inasmuch as such a showing (at least if not made ex parte) can tend to reveal in advance of trial a defendant's theory or theories of defense, much to a defendant's chagrin.

But there are countervailing reasons that support such a policy. For example, having a Court first find that the serving party has shown that testimony of the subpoenaed person would be relevant and material greatly reduces or eliminates the risk of a metaphorical "fishing expedition" that places a burden on the subpoenaed party to appear at trial for no good reason. Conversely, if a defendant is not required to make this showing, then a defendant could *always* go on a metaphorical "fishing expedition" by serving a person with a subpoena based on sheer speculation that the person might have relevant and material testimony (even if the person insists that he or she does not).

And more to the point, by enforcing this requirement, the Court is not *setting* precedent,[3] but rather *following* it. In the clearest of language, that precedent *does* require that Defendant Cothren explain his "rationale and reason" as to why Mr. Young's testimony sought is relevant and material.

Thus, for reasons indicated above, at this time, the Court finds that Defendant Cothren has not met his burden to show how Mr. Young's testimony would be relevant and material.[4] Accordingly, the Motion (DE 255) is GRANTED.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] To be clear, the Court realizes that it has not cited precedent that is binding on this Court. But, in the absence of finding on its own (or being provided by the parties) binding precedent, it has cited non-binding precedent.

[4] Mr. Young has indicated that he will make himself available to speak with Defendant Cothren's counsel and share any information that he may have. (Doc. No. 264-1 at 1). If such a meeting takes place, and it is determined that Mr. Young indeed possesses relevant and material information, Defendant Cothren may decide to serve another subpoena.