UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00282 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| [1] GLEN CASADA ) | |
| [2] CADE COTHREN ) | |

**GOVERNMENT'S NOTICE REGARDING CLAIMS IN DEFENDANTS'
REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
DISCLOSURE OF CONFIDENTIAL HUMAN SOURCE IDENTITIES**

The United States, by and through its undersigned attorneys, submits this notice in response to the Court's order regarding Defendants' motion to compel the identities of confidential human sources dated April 5, 2025. (D.E. #285.) The Court asked for the government's view on two points Defendants made in the reply in support of their motion. In short: the first point is partly accurate but immaterial, and the second point is wrong.

First, Defendants assert that "the evidence given to investigators by the CHSes in this case is the exact same evidence the government is using to prosecute Defendants." (D.E. #270, at 3.) It is unclear exactly what evidence they refer to. In some places, their reply suggests that the "evidence the government is using to prosecute" them are statements that CHSes made. (*See, e.g.*, *id.* at 3 ("This assertion by CHS1 is the crux of every charge in this case . . . ."); *id.* at 4 ("Defendants are directly defending against allegations made by the CHSes."). If that is what Defendants mean, they fail to appreciate the distinction between (i) the truth of a fact; and (ii) any evidence that tends to support or undermine that fact. It is true that CHS1 said that state officials would not have approved Phoenix Solutions as a state vendor had they known about Cothren's involvement. (*See* D.E. #258A ¶ 6.). CHS1's statement is thus evidence of the fact that Cothren's involvement was material to state officials' vendor-approval decision. But it is not the only

evidence of that fact. And the government has committed to prove the fact through evidence other than CHS testimony. Therefore, CHS statements about the vendor-approval process are not "the exact same evidence" the government will use to prosecute Defendants.

In other places, Defendants describe "recordings" and "documents" that CHSes supposedly provided the government. (*See id.* at 2.) The government may offer at trial some of these tangible pieces of evidence that it received from CHSes. But it will authenticate and seek to admit any such evidence without using CHS testimony. *See United States v. Farrad*, 895 F.3d 859, 876 (6th Cir. 2018) ("[Authentication] can be accomplished in a number of ways—with testimony from someone with knowledge of the evidence offered, for example, or by pointing to distinctive characteristics that establish authenticity."). For instance, the government may authenticate a CHS-supplied recording of a phone call through the testimony of someone else who heard the phone call. *See United States v. Eberhart*, 467 F.3d 659, 667 (7th Cir. 2006) (approving a law enforcement agent's authentication of recordings of phone calls between an informant and the defendant, even though the agent did not hear all of the defendant's half of the conversations as they occurred, because he had listened to the informant's half of the conversations as they occurred and recognized the other voice on the recordings as the defendant's); *see also United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1995) (approving the admission of recorded conversations between an undercover officer and the defendant through the testimony of an officer who was merely present for those conversations).

Likewise—and contrary to Defendants' claims (*see* D.E. #270, at 5)—the government can authenticate any communications between Smith and CHSes through Smith's testimony alone. *See United States v. Kilpatrick*, No. 10-20403, 2012 WL 3236727, at *6 (E.D. Mich. Aug. 7, 2012)

2

Case 3:22-cr-00282    Document 290    Filed 04/07/25    Page 2 of 5 PageID #: 2097

(remarking that the government could authenticate text messages through "testimony of witnesses with knowledge of the text messages"). Assuming the government can show that these documents and recordings are what the government says they are without CHS testimony, Defendants have not explained how the CHS testimony would differ from the recordings and documents, much less "in an *exculpatory* way." (*See* D.E. #263, at 8.) So even if the government offers the "same" pieces of tangible evidence that CHSes obtained for it, the CHSes' identities are not material.

Second, Defendants claim that the government's entire case hangs on its ability to prove that "there was a vendor approval process and that Phoenix Solutions would not have been an approved vendor." (D.E. #270, at 3.) They are wrong, both as a matter of fact and as a matter of law. The government does not need to make that showing for "every charge" against Defendants. (*See id.*) Most significantly, it does not need to make that showing to prove the bribery and honest services fraud charges that are at the core of most of the indictment. *See United States v. Langford*, 647 F.3d 1309, 1321 n.7 (11th Cir. 2011) (explaining with respect to wire fraud's material misrepresentation or omission element that, "in honest services cases, the scheme to defraud the public of honest services can be proven when a public official accepts a bribe and fails to disclose it to the public").

Those charges depend instead on whether Cothren offered, and Casada and Smith agreed to accept, a thing of value in exchange for official action. *See McDonnell v. United States*, 579 U.S. 550, 572 (2016). It is no defense that a bribed public official (or the other officials he pressures or advises) would have performed the same official acts regardless of the bribe. *See City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action

3

for which the bribe was paid."). And while the approval of Phoenix Solutions as a vendor is one official act the indictment alleges, it alleges others too: namely, that state legislators selected Phoenix Solutions, Rivers Edge Alliance, and Right Way Consulting to perform their state-funded mailer work; and that state officials approved invoices from each of those companies. (*See* D.E. #3 ¶ 26.) Even for a charge that may require a traditional material misrepresentation or omission, Defendants' misrepresentation or omission may have been material to others besides the state officials who approved Phoenix Solutions as a vendor. (*See, e.g.*, *id.* at ¶¶ 23, 24, 33, 61.)

The Court is right to question the two points from Defendants' reply. The first may be true for some evidence, but it does not affect the proof or defenses available at trial. And Defendants' second point is simply wrong based on the allegations contained in the indictment and the applicable criminal statutes. The Court should therefore deny Defendants' motion to compel the identities of confidential human sources.

                            Respectfully submitted,

                            ROBERT E. McGUIRE
                            Acting United States Attorney for the
                            Middle District of Tennessee

                            */s/ Taylor Phillips*
                            TAYLOR PHILLIPS
                            Assistant United States Attorney
                            719 Church Street, Ste 3300
                            Nashville, Tennessee 37203
                            Telephone: 615-736-5151

                            */s/ Blake J. Ellison*
                            JOHN P. TADDEI
                            BLAKE J. ELLISON
                            Trial Attorneys
                            Public Integrity Section, Criminal Division

1301 New York Ave. NW, Tenth Floor
Washington, DC 20530
Telephone: 202-514-1412