UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | No. 3:22-cr-00282 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| [1] GLEN CASADA ) | |
| [2] CADE COTHREN ) | |
| ) | |

**JOINT STIPULATIONS REGARDING AUTHENTICITY, ADMISSIBILITY AND ORDER OF SOME OF THE PROOF TO BE PRESENTED AT TRIAL**

The United States, through Assistant United States Attorney Taylor J. Phillips and Trial Attorneys John P. Taddei and Blake J. Ellison; the defendant, Glen Casada, through his attorneys Edward M. Yarbrough, Jonathan P. Farmer, and Chase Fann; and the defendant, Cade Cothren, through his attorneys Cynthia A. Sherwood and Joy B. Longnecker, (collectively, the "parties"), hereby stipulate to the following:

1. The parties stipulate to the authenticity of emails that were produced in discovery such that they are what they purport to be—namely, emails sent and received by the identified email accounts at the dates and times specified on the emails—such that authenticity is established under the Federal Rules of Evidence. Furthermore, the parties waive any hearsay objection that testimony or a custodian's certificate is required to establish that such an email was obtained from an email hosting company; all other hearsay objections are preserved. No party waives any other objections or challenges to the admissibility of emails, which must still be raised separately under the appropriate Federal Rules of Evidence. Each party represents that if an email is offered for admission under this stipulation, it will be one that was produced in discovery.

2. The parties stipulate that document(s) that are consecutively bates-labeled with email(s) and which appear to be attachment(s) to such email(s) were, in fact, the documents shown in the email(s) as being attached. Furthermore, the parties waive any hearsay objection that testimony or a

1

custodian's certificate is required to establish that such an email was obtained from an email hosting company; all other hearsay objections are preserved. No party waives any other objections or challenges to the admissibility of such attachments (except as otherwise explicitly noted herein), which must still be raised separately under the appropriate Federal Rules of Evidence.

3. The parties stipulate to the authenticity of text and multi-media messages, as well as contact information, and any other data therein that originated from a device seized from the Defendants or Smith or were produced by either party in discovery. The parties represent that any document offered in trial under this stipulation will be from devices or documents exchanged in discovery and stipulate that any such document came from a device or was produced in discovery without the need for a witness to testify to or otherwise certify such fact to establish authenticity. The producing party bears the burden of ensuring that all participants in the text message(s) are accurately reflected in the text message(s) offered. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rule.

4. The parties stipulate to the authenticity and admissibility of all constituent-mail invoices of Phoenix Solutions, RightWay Consulting and Rivers Edge Alliance that have been produced in discovery.

5. The parties stipulate to the authenticity and admissibility of all constituent-mail checks to and from Phoenix Solutions, RightWay Consulting and Rivers Edge Alliance that have been produced in discovery.

6. The parties stipulate to the authenticity of the Tennessee Constitution, Oaths of Office by Defendant Glen Casada and Robin Smith, and the 111th Tennessee House of Representatives' Permanent Rules of Order. No party waives any other objections or challenges to the admissibility of these records including those raised in motions in limine, all of which are reserved, as the proponent

2

of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

7. The parties stipulate to the authenticity and admissibility of: Phoenix Solutions' Articles of Organization, Phoenix Solutions' Form 2553 Election by Small Business Corporation, IRS EIN letter to Phoenix Solutions, Phoenix Solutions' Receipt for a Tennessee Registered Agent, Receipt of Phoenix Solutions for a New Mexico Registered Agent, Phoenix Solutions' Certificate of Good Standing and Compliance in New Mexico, Phoenix Solutions' Operating Agreement, and the screenshot of the Power of Phoenix's website.

8. The parties stipulate to the authenticity of news articles offered by either party, such that authenticity is established under the Federal Rules of Evidence without the need for authenticating testimony or a custodian's certification. Furthermore, the parties waive any hearsay objection that could be raised on the ground that such article was obtained from the Internet; all other hearsay objections are preserved. The proponent of each such article will allow each other party to review the URL for the article before offering it into evidence. No party waives any other objections or challenges to the admissibility of any such article nor its contents, including without limitation, hearsay within hearsay (such as the statement of a declarant quoted in an article), which must still be separately established by the proponent under the appropriate Federal Rules of Evidence.

9. The parties stipulate that the following documents were seized from Defendant Cothren's residence such that a case agent is not required to testify to establish chain of custody on where these documents were found: Candice McKay Notes, Redacted Envelopes, FFFF Appointment of Treasurer Form, FFFF EIN Letter, FFFF Visa Card, FFFF x9606 Opening Documents, Phoenix Solutions' W-9, IRS EIN letter to Phoenix Solutions, Receipt of Phoenix Solutions for a New Mexico Registered Agent, Phoenix Solutions' Certificate of Good Standing and Compliance in New Mexico, Phoenix Solutions' Receipt for a Tennessee Registered Agent, Phoenix Solutions' Form 2553 Election

3

by Small Business Corporation, Phoenix Solutions' Letter from Tennessee Department of Revenue regarding Tax Registration, Phoenix Solutions' First Horizon x5817 Opening Documents, Phoenix Solutions' Operating Agreement, Phoenix Solutions' Initial Resolutions, Phoenix Solutions' Application for Certificate of Authority to the State of Tennessee, Phoenix Solutions' Certificate of Good Standing and Compliance in New Mexico. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

10. The Government shall prepare two versions of the audio recorded interviews of the Defendants dated January 8, 2021 – one which redacts, in all such recordings, to eliminate all references to Faith Family Freedom Fund PAC, Redbird Strategies, Dixieland Strategies, Bulletproof Research and Cothren hiding his identity related to these entities, and one which does not. The parties stipulate to the authenticity of both versions (redacted and unredacted) of these recorded interviews. Defendants maintain their objection to the admissibility of the portions of the unredacted versions that reference Faith Family Freedom Fund PAC, Redbird Strategies, Dixieland Strategies, Bulletproof Research and Cothren hiding his identity related to these entities, which they seek to redact. However, the parties stipulate all other aspects of the admissibility of these interviews once the Court determines which version (redacted or unredacted) is admissible. As to each version of the audio recorded interview of Defendant Casada, the government shall redact the following portions of the interview corresponding to the following timestamps: 1:22:35-1:22:55 and 1:47:15-1:47:24. Other than the redactions described in the former sentence, the Defendants waive any potential Confrontation Clause issues as described in *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny related to their interviews. The parties also stipulate to the authenticity of the recorded phone call Robin Smith made on August 10, 2020 and the interview of Robin Smith from January 8, 2021.

4

Case 3:22-cr-00282    Document 320    Filed 04/20/25    Page 4 of 10 PageID #: 2374

11. The parties stipulate to the authenticity and non-hearsay nature of Defendant Casada and Robin Smith's Statements of Disclosure of Interest Forms (ss-8004) for years 2019 and 2020.

12. The parties stipulate to the authenticity of records of Defendant Cothren's Twitter/"X" account that were produced in discovery such that they are what they purport to be—Defendant Cothren's Twitter/"X" account—such that authenticity is established under the Federal Rules of Evidence. Furthermore, the parties waive any hearsay objection that could be raised on the ground that such a record was obtained from X; all other hearsay objections are preserved. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

13. The parties stipulate to the authenticity and admissibility of all constituent mail surveys and legislative updates that were drafted, completed, discussed, or communicated by Phoenix Solutions, RightWay Consulting and Rivers Edge Alliance, and which have been produced in discovery.

14. The parties stipulate to the authenticity of Defendant Cothren's subpoena to Confide and Confide's email to Defendant Cothren's counsel such that the authenticity of these documents is established without the requirement of authenticating testimony or custodian's certification. Furthermore, the parties waive any hearsay objection that testimony or a custodian's certificate is required to establish these records are business records under Federal Rule of Evidence 803(6); all other hearsay objections are preserved. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

15. The parties stipulate to the authenticity of Cameron Sexton's telephone records that were obtained from Verizon Wireless such that the authenticity of these documents as records of Mr.

Sexton's account with Verizon Wireless is established without the requirement of any authenticating testimony or custodian's certification. Furthermore, the parties waive any hearsay objection that testimony or a custodian's certificate is required to establish that such records were obtained from Verizon Wireless as records of Mr. Sexton's account; all other hearsay objections are preserved. Each party reserves other objections related to admissibility, including those raised in motions in limine. The parties agree that the scope of the admissibility and related redactions of these records are unresolved at this time, but agree and stipulate that the Court will determine the admissibility and any redactions, and the proponent of such records shall abide by the Court's order to make any required redactions prior to being published to the jury. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

16. The parties stipulate to the authenticity of the Defendants' personal bank records. Furthermore, the parties waive any hearsay objection that could be raised on the ground that testimony or a custodian's certificate is required to establish that such a record was obtained from a financial institution; all other hearsay objections are preserved. The parties reserve all other objections related to admissibility, including those raised in motions in limine. The parties agree that the scope of the admissibility and related redactions of these records are unresolved at this time, but agree and stipulate that the Court will determine the admissibility and any redactions, and the proponent of such records shall abide by the Court's order to make any required redactions prior to being published to the jury. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

17. The parties stipulate to the authenticity of Defendant Cothren's bank records related to FFFF, Bulletproof, and Redbird Accounts such that the authenticity of these documents is established.

6

Case 3:22-cr-00282    Document 320    Filed 04/20/25    Page 6 of 10 PageID #: 2376

Furthermore, the parties waive any hearsay objection that could be raised on the ground that testimony or a custodian's certificate is required to establish that such a record was obtained from a financial institution; all other hearsay objections are preserved. The parties reserve all other objections related to admissibility, including those raised in motions in limine. The parties agree that the scope of the admissibility and related redactions of these records are unresolved at this time, but agree and stipulate that the Court will determine the admissibility and any redactions, and the proponent of such records shall abide by the Court's order to make any required redactions prior to being published to the jury. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

18. The parties stipulate to the authenticity of Cameron Sexton's *per diem* requests and payments such that the authenticity of these documents is established without the requirement of testimony or a custodian's certification, but while reserving other objections related to admissibility, including those raised in motions in limine. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

19. The parties stipulate to the authenticity of the document from the Davidson County Property Assessor's website regarding 418 Becanni Lane that has been provided in discovery such that the authenticity of the document is established without the requirement of authenticating testimony or a custodian's certification, but while reserving other objections related to admissibility, including those raised in motions in limine. No party waives any other objections or challenges to the admissibility of these records, all of which are reserved, as the proponent of such records must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

20. The parties stipulate to the authenticity of the documents filed in Robin Smith's court case, *United States v. Robin Smith*, Case No. 3:22-cr-00078.

21. The parties stipulate that the Defendants are permitted to offer testimonial and documentary case-in-chief, scope of direct, and impeachment evidence through Government witnesses while such witnesses are testifying during the government's case-in-chief, so long as the documentary evidence being offered has been produced by either party in discovery. The Government reserves its rights to raise other objections or challenges to the admissibility of such evidence, all of which are reserved, as the Defendants must still establish their admissibility separately under the appropriate Federal Rules of Evidence.

22. The parties agree that jointly subpoenaed witnesses, and law enforcement agents subpoenaed by Defendants need not appear at trial until requested for testimony by the government, or until close of the government's case-in-chief, whichever comes first.

23. The parties will also execute the stipulations attached hereto as Exhibit A. Although the parties have stipulated to the fact that the State of Tennessee received benefits in excess of $10,000 under federal programs involving a grant, subsidy, loan, guarantee, insurance, and other forms of federal assistance, as charged in Counts One, Two, Three, and Four of the Indictment as Stipulation No. 1 filed with the Court, this stipulation is without waiver of Defendants legal argument related to this legal issue, which Defendants reserve the right to assert.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor J. Phillips*
TAYLOR J. PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300

8

Case 3:22-cr-00282    Document 320    Filed 04/20/25    Page 8 of 10 PageID #: 2378

Nashville, Tennessee 37203
Telephone: 615-736-5151
taylor.phillips@usdoj.gov

*/s/ John P. Taddei*
JOHN P. TADDEI
BLAKE J. ELLISON
Trial Attorneys
Public Integrity Section, Criminal Division
United States Department of Justice


Sherwood Boutique Litigation, PLC

*/s/ Cynthia Sherwood (by perm.)*
CYNTHIA A. SHERWOOD
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

Barnes & Thornburg LLP

*/s/ Joy Boyd Longnecker (by perm.)*
JOY BOYD LONGNECKER
827 19th Avenue South
Suite 930
Nashville, TN 37203-3447
T: 615-925-9506
Joy.Longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

Spencer Fane LLP

*/s/ Jonathan P. Farmer (by perm.)*
EDWARD M. YARBROUGH
JONATHAN P. FARMER
CHASE FANN
511 Union Street
Suite 1000
Nashville, TN 37219
T: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com

9

cfann@spencerfane.com
*Counsel for Defendant Glen Casada*