# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:22-cr-00282 |
| ) | Judge Eli Richardson |
| GLEN CASADA and ) | |
| CADE COTHREN ) | |

## BEN M. ROSE'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

Comes now, Ben M. Rose ("Mr. Rose), counsel for Robin Smith ("Ms. Smith"), and pursuant to Fed. R. Crim. P. 17(c)(2), moves this Court to quash a purported trial subpoena caused to be issued by Defendant Cade Cothren ("Mr. Cothren"). As support, Mr. Rose would state as follows:

After a lengthy afternoon of cross-examination primarily focused on Mr. Rose's representation of Ms. Smith, the Court took its afternoon break. Upon exiting the courtroom, Mr. Rose was presented with what purports to be a trial subpoena, caused to be issued by Mr. Cothren and his counsel, or a subpoena *ad testificandum*, requiring him to appear and provide testimony on Mr. Cothern's behalf on May 2, 2025.[1] A picture of the subpoena taken by Mr. Rose is attached hereto as Exhibit A.[2]

The suggestion that Mr. Cothren is entitled to subpoena Ms. Smith's counsel for trial testimony in this criminal case carries the odor of mendacity. To be clear, any information that Mr. Rose possesses regarding this matter is privileged based upon his representation of Ms. Smith.

---

[1] To be clear, it is highly unlikely that the United States Government ("Government") will complete its proof within two days. However, Mr. Rose has filed this motion out of the abundance of caution, as Fed. R. Crim. P. 17(c)(2) requires it to be promptly filed.

[2] Unfortunately, a copy of the subpoena could not be attached because immediately after providing the subpoena to Mr. Rose, an assistant for Mr. Cothren's counsel took the paper document back. The only muniment of the subpoena is the photograph attached as Exhibit A. The subpoena should be quashed on this basis alone. Fed. R. Crim. P. 17(d).

Under Tennessee law, "[n]o attorney . . . shall be permitted, in giving testimony against a client, or person who consulted the attorney . . . to disclose any communication made to the attorney . . . as such by such person, during the pendency of the suit, before or afterwards, to the person's injury." Tenn. Code Ann. § 23-3-105.

Moreover, the Tennessee Rules of Professional Conduct, Rule 1.6, Confidentiality of Information, which applies here, provides, in pertinent part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent…" Significantly, the rule protects not only communications between the attorney and his client, but it applies to protect client confidences regardless of whether a suit is actually "pending or anticipated." *The Tennessean v. Tennessee Dept. of Personnel,* 2007 WL 1241337, at *6-7 (Tenn. Ct. App. 2007) (quoting *McMannus v. State,* 39 Tenn. 213, 216 (1858)).

Finally, any information that Mr. Rose possesses not covered by the attorney-client privilege or Rule 1.6, is subject to the work product doctrine, which has been recognized to apply in criminal and civil cases. *United States v. Nobles*, 422 U.S. 225 (1975). The work product doctrine provides additional protections relevant here. The work product doctrine was first enunciated in *Hickman v. Taylor,* 329 U.S. 495 (1947), in which the Supreme Court explained that "[p]roper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman*, 329 U.S. at 511; *Schuh v. HCA Holdings, Inc.,* 2014 WL 12768360, at *5 (M.D. Tenn. Sept. 16, 2014).

2

Case 3:22-cr-00282    Document 331    Filed 04/30/25    Page 2 of 3 PageID #: 2419

Accordingly, for all of these reasons, and likely many more,[3] this Court should quash the purported subpoena *ad testificandum* Mr. Cothren and his counsel caused to issue to Mr. Rose for trial testimony and issue a protective order.

Respectfully submitted,

s/Ben M. Rose
Ben M. Rose
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
615-942-8295
ben@rosefirm.com

*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I served counsel for Defendants and the United States by filing the Motion to Quash and for Protective Order with the Clerk of the Court using the CM/ECF system.

s/Ben M. Rose
Ben M. Rose

---

[3] For example, in addition to failing to provide a copy of the subpoena to Mr. Rose, Mr. Cothren's counsel failed to provide the required fees for attendance and mileage in accordance with Fed. R. Crim. P. 17(d). Mr. Rose resides in Williamson County. The failure to tender the witness fee and mileage allowance are also fatal defects that require the subpoena to be quashed. *See, e.g., United States v. Moore,* 225 F.3d 637, 644 n.2 (6th Cir. 2000).