IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-cr-00282 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| GLEN CASADA | ) | |
| CADE COTHREN | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTIONS TO EXTEND DEADLINES TO FILE POST-TRIAL MOTIONS**

On May 16, 2025, after the jury verdicts in this case, the Court advised Defendants in court that their deadline to file a written motion of acquittal was fourteen days from the verdict. (*See also* D.E. #356, Order.) That order was consistent with the timeframes set forth in Federal Rules of Criminal Procedure 29 and 33. *See* Fed. R. Crim. P. 29(c)(1), 33(b)(2). The parties then discussed sentencing dates in September 2025. At no point did either Defendant indicate that either date was unrealistic.

On May 28, 2025, each Defendant separately asked the government to consent to an extension of the standard 14-day deadline. With the conditions identified in Defendant Cothren's Motion (D.E. #358)—namely, that the defense will consent to an extension for the government's response if it asks for one and that the defense will not use the extensions as a basis to request a continuance of the sentencing hearings—the government does not oppose an extension until June 27, which would triple the time for Defendants' post-trial motions.

However, the government opposes any further extension of time. The government and the public have an interest in swift sentencings to resolve this long-running matter of public concern. Extending Defendants' motions deadline from May 30 to July 31—lengthening the post-trial briefing period from two weeks to two months and two weeks—will almost certainly affect the

date of defendants' sentencings and the sentencing date of co-conspirator Robin Smith. Even assuming the government takes less than half as long to respond to four motions as each Defendant will take to write two, the government's response briefs will not be filed until the end of August, and Defendants' replies would likely be due around the current sentencing date of September 12, 2025. Accordingly, the Government opposes such a lengthy request.

Moreover, neither defendant provides good cause for such a lengthy extension. With respect to Defendant Cothren's argument that he will not receive trial transcripts before the end of June, each party ordered and used rough transcripts during the trial. Those rough transcripts are sufficient to prepare Defendants' Rule 29 and Rule 33 motions. Indeed, many defendants make Rule 29 motions without the benefit of *any* transcripts. Furthermore, the government anticipates that the defendants will raise many of the same legal and factual arguments that were the focus of extensive pretrial briefing at the motion to dismiss stage, as well as lengthy argument and factual development during trial. The Court has already painstakingly considered and ruled on those arguments during the course of trial.

At minimum, prior to granting any extension—including an extension until June 27—the Court should require Defendants to confirm that they are "converting" their general Rule 29 motions into motions grounded in specific arguments. Unless Defendants intend to offer specific arguments, there is no need for a lengthy extension just to file a one-sentence confirmation of their general Rule 29 motions.

For the foregoing reasons, the government requests that the Court grant in part and deny in part Defendants' motions to extend (D.E. #358, 361.) Specifically, the government requests that Defendants be granted until June 27, 2025, to file any motions pursuant to Rule 33 and any motion or notice pursuant to the Court's order on May 20, 2025. (D.E. # 356.)

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor Phillips*
TAYLOR PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

*/s/ John P. Taddei*
JOHN P. TADDEI
BLAKE J. ELLISON
Trial Attorneys
Public Integrity Section, Criminal Division
United States Department of Justice