UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 3:22-cr-00282 |
| | ) JUDGE RICHARDSON |
| [1] GLEN CASADA | ) |
| [2] CADE COTHREN | ) |

# ORDER

Pending before the Court are "Defendant Cade Cothren's Motion to Extend Deadlines as to Rule 29 and Rule 33 Motions" (Doc. No. 358, "Cothren's Motion") and "Glen Casada's Amended Motion to Extend Deadlines to File Motions Pursuant to Fed. R. Crim. P. 29 and 33" (Doc. No. 361, "Casada's Motion"). Cothren's Motion and Casada's Motion each is GRANTED IN PART and DENIED in part. That is, each of the Defendants is granted a substantial (albeit not as substantial as Defendants requested) extension: (a) on the deadline to file either a document requesting acquittal under Rule 29 on specific grounds or a notice that his Rule 29 motion remains a general one; and (b) on the deadline to file a motion for new trial under Rule 33. More specifically, these deadlines are extended for each Defendant to June 30, 2025.

Notably, these filings may rely on the respective Defendants' (or their attorneys') good faith belief as to what particular testimony is; such good-faith belief may, but does not necessarily have to, be based on counsel consulting rough transcripts to see whether they support a belief as to what particular testimony was. Rough transcripts should not be cited in any briefs, although it is possible that eventually they could be consulted by the Court if it turns out that an asserted good-

faith belief is challenged by the Government.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE