UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and | ) | District Judge Eli J. Richardson |
| CADE COTHREN | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CADE COTHREN'S
## EXPEDITED MOTION TO INTERVIEW ALTERNATE JUROR

Defendant Cade Cothren, by and through his counsel, respectfully petitions the Court to conduct a limited interview of an alternate juror in this Cause, and in support of this Motion states as follows:

1. On May 16, 2025, after approximately a four-week trial and three days of deliberation, the jury convicted Mr. Cothren of nineteen different counts.

2. Before the jury retired to begin its deliberations, the Court informed the two alternate jurors of their alternate status, one of whom ("Juror #13") is the subject of this Motion.

3. A few hours after the jury returned its verdict, Juror #13 located Mr. Cothren's Facebook profile and engaged with an old post of his by selecting the "Care" button—🤗.

4. Mr. Cothren did not respond, acknowledge, or otherwise engage with Juror #13 in response to this interaction with his Facebook post.

5. On June 4, 2025, a private citizen who attended Mr. Cothren's trial contacted Mr. Cothren and asked if Mr. Cothren had any objection if he reached out to a few select jurors. Mr. Cothren responded and said that was the private citizen's right and he had no issue with it.

6. The private citizen did not tell Mr. Cothren which juror(s), if any, he contacted or the substance of any conversation(s) he may have had with the juror(s).

7. On or about June 28, 2025, Juror #13 sent Mr. Cothren a "friend request" on Facebook, which Mr. Cothren accepted.

8. On July 1, 2025, Juror #13 sent Mr. Cothren a direct message, informing him that the private citizen had contacted her and asking Mr. Cothren to "confirm he is part of Team Cade and it's ok to talk with him or if [she] should avoid this guy." Juror #13 also offered to forward her message to Mr. Cothren's counsel. *See* **Exhibit 1**.

9. Since that time, Juror #13 has expressed her support for Mr. Cothren. She intends to attend the sentencing hearing and has written a letter in support. *See* **Exhibit 2**.

10. Local Civil Rule 39.01(g)(2) generally prohibits counsel and parties from post-verdict jurors' "interviews" without the Court's approval. There is no analog provision or prohibition in the Local Criminal Rules.

11. Mr. Cothren has not had any communication with Juror #13 beyond Facebook messages. He did not interview her. Mr. Cothren's counsel have not communicated with Juror #13. Moreover, Mr. Cothren has not communicated with any juror who deliberated and voted as to the verdict.

12. Out of an abundance of caution, Mr. Cothren's counsel hereby seeks leave to interview Juror #13 to determine whether this alternate juror has information beyond what was included in her letter that may be relevant to Mr. Cothren's sentencing and, if so, to inquire about her willingness to appear as a witness at his sentencing hearing.

13. Mr. Cothren does not object to the Court granting counsel for the government leave to contact Juror #13 for the same purpose.

14. Because Juror #13 was an alternate who did not participate in the jury's deliberations in this case and this alternate juror initiated contact with Mr. Cothren to express her support, this

Motion poses no threat to the administration of justice, nor does it implicate *Remmer v. United States*, 347 U.S. 227 (1954).

15. Undersigned counsel conferred with counsel for the government, Taylor Phillips and John Taddei, who stated the government is "reviewing the applicable case law and will respond to the motion in the ordinary course."

For the reasons set forth above, Mr. Cothren respectfully requests that his Motion to Interview Alternate Juror #13 be granted.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

/s/ Joy Boyd Longnecker
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was electronically filed with the Clerk on September 8, 2025, and service was made upon the following via CM/ECF and/or by email.

| | |
|---|---|
| Edward M. Yarbrough<br>Jonathan P. Farmer<br>Steven C. Fann<br>Spencer Fane LLP<br>511 Union Street<br>Suite 1000<br>Nashville, TN 37219<br>eyarbrough@spencerfane.com<br>jfarmer@spencerfane.com<br>cfann@spencerfane.com<br><br>John P. Taddei<br>Blake J. Ellison<br>U.S. Department of Justice<br>Public Integrity Section<br>1301 New York Ave. NW<br>Ste 10th Floor<br>Washington, DC 20530<br>john.taddei@usdoj.gov<br>blake.ellison@usdoj.gov | Taylor J. Phillips<br>U.S. Attorney's Office<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>taylor.phillips@usdoj.gov<br><br>W. David Bridgers<br>L. Wells Trompeter<br>Holland & Knight LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219<br>david.bridgers@hklaw.com<br>wells.trompeter@hklaw.com<br><br>Ben M. Rose<br>RoseFirm, PLLC<br>Post Office Box 1108<br>Brentwood, Tennessee 37024<br>ben@rosefirm.com<br><br>/s/ Cynthia A. Sherwood<br>Cynthia A. Sherwood |