UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:22-cr-00282 |
| | ) JUDGE RICHARDSON |
| GLEN CASADA | ) |

### DEFENDANT GLEN CASADA'S RESPONSE IN OPPOSITION TO CADE COTHREN'S "MOTION FOR JOINT SENTENCING GUIDELINES HEARING"

Glen Casada, through counsel, submits his Response in opposition to co-defendant Cade Cothren's Motion to join his sentencing hearing in calculating the sentencing guidelines. Cothren's motion notes Mr. Casada's opposition, stating that Mr. Casada states that "his preference is to keep the sentencing hearings separate."

First, as referenced in Cothren's request, joint sentencing guidelines hearings are, most charitably, "unusual." The 29-year-old case cited by Cothren to support his position that the relief is not completely unprecedented, *United States v. Hughes*, 97 F.3d 1453 (6th Cir. 1996), refers to a joint sentencing hearing to determine loss but is silent as to whether that joint hearing was opposed by any party. Regardless, Casada would submit that a better adjective for a joint guidelines hearing is "extremely rare." Undersigned counsel's experience corroborates this lack of precedent. Routinely, Courts in this District conduct sentencing hearings for individuals who have been convicted as co-defendants or co-conspirators without combining the hearings for guidelines purposes. Cothren does not provide sufficient support that this case should be treated differently than virtually every other sentencing hearing conducted in this District involving co-defendants/co-conspirators. Conversely, Mr. Casada desires for his sentencing to be conducted in

the same manner as sentencing hearings are routinely held in this District – individualized by Defendant.

Second, the Defendants' respective filings related to the PSR (Casada DE 416, Cothren DE 415) reveal that while the parties' guidelines objections overlap in some areas, they do not overlap in others. For example, both parties object to the 10-level loss enhancement, but Cothren asserts that the loss amount attributable *to Cothren* should be +4 (DE 415, Page ID 6402), while Casada asserts that the loss amount attributable *to Casada* should be +0 (DE 416, Page ID 6416). Casada also objects to the 2-level 2C1.1(b)(1) enhancement as *to Casada* (DE 416, Page ID 6411), while Cothren does not. The judicial economy potentially gained by straying from established district precedence is unlikely to be substantial.

Third, regarding Cothren's concerns that "the Court will already have heard the government's argument and calculated the relevant Guidelines range before Mr. Cothren's hearing even begins," this is simply not true. The Court will have heard the arguments and calculated the Guidelines range *as to Casada* – not Cothren. Simply because the defendants were convicted of conspiracy does not automatically conclude that their guidelines ranges are identical. Cothren will remain able to make the same or additional argument at his own hearing or litigate that the applicable legal principles should be applied differently to him, just like with nearly every co-defendant case in this District. Further, Cothren and Casada have both submitted their positions regarding the PSR, so the Court is equipped to consider all the parties' arguments raised in its assessment of the Guidelines for each individual defendant.

Finally, to the extent Cothren is concerned that he will not be able to orally advocate at Casada's sentencing hearing and as such will be "stuck" with a guidelines' calculation without

verbal input, Casada is agreeable to the Court conducting Cothren's sentencing hearing first. This relief would alleviate Cothren's concerns.

## Conclusion

For the reasons outlined above, Casada objects to a joint sentencing hearing for any purpose.

Respectfully submitted,

*/s/ Jonathan Farmer*
Ed Yarbrough (BPR #004097)
Jonathan P. Farmer (BPR #020749)
Chase Fann (BPR #036794)
511 Union St, Suite 1000
Nashville, TN 37219
(P) 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com
*Counsel for Glen Casada*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to all parties of record.

*/s/ Jonathan Farmer*
Jonathan Farmer