IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-cr-00282 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| [2] CADE COTHREN | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT COTHREN'S NOTICE REGARDING EXPEDITED MOTION TO INTERVIEW ALTERNATE JUROR**

Defendants do not have a blank check to present evidence at sentencing. For example, the Sixth Circuit has affirmed a district court which curtailed a defendant's allocution when he strayed into irrelevant matters. *See United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004). Other appellate courts have affirmed the exclusion of testimony from defense experts. *See, e.g.*, *United States v. Pitts*, 794 F. App'x 868, 872 (11th Cir. 2019).

The Court's authority to limit evidence presented at sentencing includes excluding testimony from jurors. In addition to the two district court cases cited in the government's opposition to Cothren's motion, the Fifth Circuit has held, in a death penalty case, that "[t]he reasons for not allowing jurors to undermine verdicts in jury trials, however, apply with equal force to sentencing hearings." *United States v. Jones,* 132 F.3d 232, 246 (5th Cir. 1998), *aff'd*, 527 U.S. 373 (1999).

As Cothren's motion relates to the interaction between Rule 606(b) and the Due Process Clause of the Fifth Amendment, the Supreme Court has recognized that Rule 606(b) must give way to constitutional principles in some circumstances. *See Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017). But not every instance of potential unfairness which may be caused by Rule 606(b) rises to a constitutional violation. *See Maldonado v. Missouri Pac. Ry. Co.*, 798 F.2d 764, 770 (5th Cir. 1986), *abrogated on other grounds by Warger v. Shauers*, 574 U.S. 40, 135 S. Ct. 521, 190

L. Ed. 2d 422 (2014) ("Rule 606(b) strikes a constitutional balance, protecting the defendant's right to a fair trial from substantial juror misconduct, while protecting other legitimate interests as well."); *see also United States v. Brooks*, 42 M.J. 484, 487 (C.A.A.F. 1995) (rejecting due process challenge to analogue of Rule 606(b)).

Binding authority prohibits inquiry into the following:

1. Jurors using drug or alcohol, or sleeping, during trial. *See Tanner v. United States*, 483 U.S. 107, 116 (1987); *United States v. Sherrill*, 388 F.3d 535, 537–38 (6th Cir. 2004);

2. Jurors discussing punishment during deliberations. *See United States v. Gonzales*, 227 F.3d 520, 526 (6th Cir. 2000);

3. Jurors indicating to the trial judge that they misunderstood the evidence. *See United States v. Odunze*, 278 F. App'x 567, 572 (6th Cir. 2008);

4. Jurors indicating that they misunderstood the instructions and applied the wrong standard of proof. *See United States v. Ewing*, 749 F. App'x 317, 324 (6th Cir. 2018);

5. Jurors commenting negatively on a defendant's decision not to testify pursuant to the Fifth Amendment. *See United States v. Kelley*, 461 F.3d 817, 831 (6th Cir. 2006); and

6. Jurors indicating that they voted to convict when they did not believe the defendant was guilty. *United States v. Brooks*, 987 F.3d 593, 597 (6th Cir. 2021).

Any minimal impingement on Cothren's due process rights by excluding evidence at his sentencing from Juror #13—someone who apparently has known Cothren only through Facebook messages during the last two months—pales in comparison to the examples set forth above. Juror #13's letter indicates that she primarily would comment on the trial evidence and/or interactions with other jurors. There is little, if any, due process value to the Court hearing a layperson's commentary on the trial evidence given that the Court itself was present for the entire trial, and defendants are generally prohibited from probing intra-jury communications without any due process infringement. FED. R. EVID. 606(b).

Finally, Cothren's proffered reason for calling Juror #13—that she is a resident of the State of Tennessee and therefore a victim of the crimes he denies—can be adequately protected by

calling one of Tennessee's other seven million residents. Calling a different resident would adequately safeguard Cothren's due process rights without the material risk to the public's interest in finality posed by Juror #13's testimony. Furthermore, Cothren's proposal would permit future defendants to make an end-run around Rule 606(b) by calling jurors to testify at sentencing and then inquiring about—or at least hoping for an inadvertent disclosure of—internal matters.

For the foregoing reasons, the government reiterates its request that the Court deny Cothren's motion to interview Juror #13. (D.E. #418.) If the Court permits further communications by the parties or their counsel with Juror #13, the government requests that it be under the Court's interactions with Cothren outside of trial.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Taylor J. Phillips*
TAYLOR J. PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

*/s/ John P. Taddei*
JOHN P. TADDEI
Trial Attorney
Criminal Division
United States Department of Justice