IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-cr-00282 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| [2] CADE COTHREN | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO STAY JUDGMENT AND FORFEITURE ORDER**

After a jury trial, this Court imposed a fine of $25,000, a mandatory special assessment of $1,600, and forfeiture of $10,600. (Judgment, D.E. #452; Forfeiture Order, D.E. #443.) Cothren now moves to stay the Court's judgment and order of forfeiture. (D.E. #461 (the "Motion").) Although Cothren correctly recognizes this Court's discretion as the stay of such orders, he offers no compelling reason to stay them in this case, proffering only the "real possibility or likelihood" that he successfully appeals his convictions. He is wrong about his likelihood of success and also fails to argue the other factors applicable to the Court's exercise of its discretion. Accordingly, the Court should deny the Motion.

## APPLICABLE LAW

Federal Rule of Criminal Procedure 38(c) authorizes district courts to stay judgments for fines or costs when "on any terms considered appropriate." Rule 38 does not identify the criteria relevant to the issuance of a stay, but courts often consider the factors in *Nken v. Holder*, 556 U.S. 418, 434 (2009):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*See, e.g.*, *United States v. Zastrow*, No. 3:22-CR-00327, 2024 WL 3558363, at *2 (M.D. Tenn. July 26, 2024) (Trauger, J.) (applying *Nken* factors to criminal case). This decision is discretionary, but that discretion can be abused if the district court places unnecessary burdens on others. *See United States v. Hill*, 167 F.3d 1055, 1074 (6th Cir. 1999). If a district court stays a fine, it must—absent exceptional circumstances—ensure that funds will remain available for the fine if the defendant's appeal is unsuccessful. *See* 18 U.S.C. § 3572(g).

Federal Rule of Criminal Procedure 32.2(d) authorizes a court to stay an order of forfeiture "on terms appropriate to ensure that the property remains available pending appellate review." The purpose of this rule is to "ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." *See* FED. R. CRIM. P. 32.2 (Adv. Comm. Note to 2000 Amendments). The Sixth Circuit has not identified a standard governing district courts' discretion under Rule 32.2(d). The Second Circuit applies factors similar to *Nken*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Grote*, 961 F.3d 105, 122–23 (2d Cir. 2020).

**ARGUMENT**

For the reasons set forth in the government's contemporaneously filed opposition to Cothren's motion for release pending appeal, incorporated herein, the Motion identifies no "close question" of law or fact which would likely result in new trials (or reversals) on all counts. For similar reasons, Cothren cannot meet the higher standard of *Nken*'s first factor: a "strong showing" of a likelihood of success on the merits.

The Motion also identifies no irreparable harm that he would suffer absent a stay. The fine,

2

costs, and forfeiture which Cothren is obliged to pay are all monetary – there is no real or personal property Cothren must forfeit absent a stay. Accordingly, there is no risk of depreciation or deprivation of unique property. Furthermore, should Cothren succeed on all counts, there is no reason to believe that the United States Treasury is incapable of returning funds to him.

Conversely, as to the third factor, Cothren's ability and willingness to satisfy the judgment after an appeal are much less certain. At sentencing, the Court had visibility in Cothren's finances and his ability to pay. It cannot have the clairvoyance to know whether he will maintain funds available to pay the judgment and forfeiture order after a potentially lengthy appeal. Should Cothren be less than a good steward of his finances during the intervening time, the United States may be harmed by an inability to collect, or increased costs of collection.

Finally, the public has an interest in the finality of the Court's judgment and forfeiture order. Should Cothren be unable or unwilling to pay after his appeal, the public's confidence in the Court's orders will be undermined, as the finance aspects of the judgment and the forfeiture order will appear to be inert pieces of paper.

## CONCLUSION

For the foregoing reasons, the Court should deny Cothren's motion to stay its judgment and forfeiture order pending appeal. In the alternative, the Court should require Cothren to deposit an amount sufficient to pay the fine and costs into the Court's registry pending appeal, FED. R. CRIM. P. 38(c)(1), and to do the same with respect to the Court's order of forfeiture. FED. R. CRIM. P. 32.2(d).

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

***/s/ Taylor J. Phillips***
TAYLOR J. PHILLIPS
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

***/s/ John P. Taddei***
JOHN P. TADDEI
Trial Attorney
Criminal Division
United States Department of Justice