UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 3:22-cr-00282 |
| ) | JUDGE RICHARDSON |
| GLEN CASADA ) | |

## DEFENDANT GLEN CASADA'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RELEASE PENDING APPEAL

Defendant Glen Casada, through counsel, submits his Reply to the Government's Opposition to his release pending appeal as follows.

I. Substantial Question

The primary thrust of the Government's argument is that the Court was correct in its prior rulings, therefore there is no "substantial question." Undoubtedly, the Government views the Court's rulings that form the basis for this Motion as correct. Similarly, when making its rulings, the Court also considered them to be "correct." But this misses the point entirely. As Courts have noted, to grant release pending appeal, a district court does not have to admit that it erred. If that were the case, the standard would be virtually impossible for any defendant to hurdle. Instead, the district court must only find that there is a substantial question—or a close call—and that if the issue is decided the other way on appeal, the Defendant would get meaningful relief. It has been readily apparent to all parties (and the Court) from the motion to dismiss stage through trial (and post-trial motions) that there are close calls of fact and law in this case.

As noted in Casada's Motion for Release, regarding the "substantial question of law or fact" standard, Courts have long held that 18 U.S.C. §1343(b) does **not** require a district court to find that it committed error in the litigation of the matter. *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985) ("[I]t would

have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.")). **The 6th Circuit has confirmed that a trial court can be confident that its challenged decision was correct yet still find that a defendant raises a substantial question of law or fact.** *See id*. In order to satisfy §3143(b), the appeal must raise "a 'close' question or one that could go either way." *Id* at 1182.

Further, the Government's arguments regarding the dispositive questions of law are unpersuasive and ignore the labyrinth of precedent and lengthy substantive issues litigated throughout this case, during which all parties (and the Court) acknowledged the "close calls." The contours of honest services wire fraud are constantly being refined by the United States Supreme Court and Sixth Circuit. While the Government claims *Kousisis* is not appliable to honest services wire fraud, *the fact that materiality has not been squarely decided in wire fraud or honest services leaves more to question than it resolves*. Every witness who the Government claims "credibly" testified about materiality was squarely impeached, so the issue of materiality is clearly a substantive question. Other than reiterating its arguments on the front end that the Court "got it right," the Government does very little to grapple with whether these issues are substantial questions.

II. Flight Risk

The Government also, in an almost cursory manner, suggests that Casada should not be released pending appeal because he has not shown that he is not a flight risk. To be clear, the Government does not go so far as to say Casada is a flight risk. And for good reason. Instead, the Government simply states that Casada hasn't done enough to show that he's not a flight risk.

This is, of course, wrong. Casada has referenced his prior arguments wherein he met his burden for release, both after the verdict and after sentencing. He has also noted that he is 66 years

2

old, has never been arrested, has a non-violent history (including the present matter), has consistently complied with Court Orders to appear, and so forth. The record in this matter includes significant family and community ties to Middle Tennessee. If Mr. Casada is a flight risk, then it is difficult to articulate a candidate who would not be a flight risk.

III. Count 11

Finally, in a footnote (Doc. 481, PageID 9017, FN 4), the Government references that because Casada was convicted in Count 11 of aiding and abetting an unlawful business in violation of 18 U.S.C. § 1342 and was sentenced concurrently, his arguments regarding substantial questions would not affect the conviction on that count and as such would deny him the present relief altogether. Again, this is simply inaccurate. Putting aside the Court's acknowledgement of the struggles with charging the jury related to Count 11 (as referenced in Casada's Motion for Release Pending Appeal), the jury was charged that to convict, Cothren had to use a false name to carry on an unlawful business. While the Government, in opposing release, has stated in essence that "any unlawful business will do," that is not what it said when opposing Casada's Motion to Dismiss the Indictment. In its Response, specifically regarding Count 11, the prosecution wrote:

> Therefore, the government need not prove that Phoenix Solutions operated unlawfully— only that the defendants used a false name to conduct some unlawful business. And here, the Indictment alleges that *the conspirators created the Matthew Phoenix persona to facilitate federal programs theft and bribery, honest services wire fraud, and money laundering.*

(Doc. 75, PageID #379) (emphasis added).

Further, there can be no serious debate that the "unlawful business" that the jury found was exactly honest services wire fraud and/or money laundering. There was no other "unlawful business" that was presented to the jury or at issue in this case. The Government's current assertions that the reversal of honest services wire fraud and money laundering convictions would not matter regarding Count 11 should be given no weight.

3

Respectfully submitted,

*/s/ Jonathan Farmer*
Ed Yarbrough (BPR #004097)
Jonathan P. Farmer (BPR #020749)
Chase Fann (BPR #036794)
511 Union St, Suite 1000
Nashville, TN 37219
(P) 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com
*Counsel for Glen Casada*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to all parties of record.

*/s/ Jonathan Farmer*
Jonathan Farmer